### SANSBURY et al. v. JOHNSON.

(Supreme Court, Special Term, Monroe County. December 15, 1911.)

1. EASEMENTS (§ 30*)—ABANDONMENT—INTENTION.

Though there was no expressed intention not to abandon an easement in the stairways of a store building upon the closing up of openings from another building, an intention to abandon will not be presumed so as to defeat a later assertion of the right, in the absence of an estoppel created by the apparent freedom from servitude.

[Ed. Note.—For other cases, see Easements, Cent. Dig. §§ 77–79; Dec. Dig. § 30.*]

2. ESTOPPEL (§ 30*)—ABANDONMENT—CLOSING OPENINGS—ESTOPPEL BY DEED.

Where, though owners of a building closed the openings between it and another building which was charged with an easement by deed giving the occupants of the first building the right to the use of stairways and halls, a conveyance by the servient owners eight years thereafter with a subjection of the premises to the easement would estop persons who

---

derived title under the will of the grantee from asserting that the acts in question amounted to an abandonment.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. § 74; Dec. Dig. §; 30.*]

3. EASEMENTS :(§ 30*)—ABANDONMENT—CLOSING OPENINGS—EASEMENT IN FAVOR OF SERVIENT ESTATE.

Though, by closing the openings in the wall between two buildings, the owners of one prevented the use of a right of access to and use as a footway of its halls and passages by occupants of the other, where such right afforded no means of reaching the street or other property, and there was no adverse possession with the openings closed for 20 years, the persons claiming such right cannot complain of the reopening of the passageway and the reassertion of an easement in the use of their stairways and halls as a means of ingress and egress to the other building.

[Ed. Note.—For other cases, see Easements, Cent. Dig. §§ 77–79; Dec. Dig. § 30.*]

Action by Albert T. Sansbury and another against George Johnson. Complaint dismissed.

Charles McLouth, for plaintiffs.

H. G. Pierce (Myron T. Bly, of counsel), for defendant.

FOOTE, J.  Whether the closing up of the brick wall between the store buildings of the parties by the defendant's predecessors in title in the year 1870 so as to prevent access to defendant's building on the second and third floors through the stairways and halls in plaintiffs' building constituted an abandonment of the easement for such use seems to depend, under the authorities, upon the intent of Root & Marshall, who then owned defendant's building and built the wall. The evidence shows that Root & Marshall then wished to make use of all three floors in their building together in the hardware and tinware business they then conducted. This they could more conveniently do by having and using the stairways from one floor to the other within their own building. There is no evidence as to the intent of Root & Marshall whether to abandon the easement or not, unless it arises by presumption from the nature of their act in erecting this wall. As the easement was of value to the Root & Marshall building, and as the question whether they abandoned this easement or not seems to depend upon their intention in this respect, if the matter is to be determined by presumptions, it would seem to be the more reasonable presumption that they did not intend to part with a valuable appurtenance to their building since it was not for their interest so to do and not necessary. If their intention not to abandon the easement had been declared at the time, then it is clear that the building of the wall which obstructed its use while it remained would not have that effect.

[1] The question is not free from difficulty on the authorities as to whether an intention to abandon the easement could be presumed or found from the obstruction to its use and from the length of time that obstruction was allowed to remain. I am inclined to the opinion, however, that, in the absence of any estoppel in favor of plaintiffs, it should not be presumed that Root & Marshall intended to abandon this easement and that a finding of such an intention ought not to be made,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

based solely upon the form of the obstruction to the use of the easement and the time it was allowed to remain. Washburn on Easements and Servitudes (3d Ed.) marginal page 543. This learned author says:

"It is not easy to define in all cases what would be such act of abandonment as would destroy a right of easement and each case seems to be a matter for a jury to determine. But nothing short of an intention so to abandon the right would operate to that effect, unless other persons have been led by such acts to treat this servient estate as if free of the servitude and the same could not be resumed without doing injury to their rights in respect to the same."

In Hennessy v. Murdock, 137 N. Y. 317, 33 N. E. 330, it is said in the opinion that:

"Where an abandonment of an easement is relied upon, there must be clear and convincing proof of an intention in the owner to abandon it as such."

In Corning v. Gould, 16 Wend. 531, which is mainly relied upon by the plaintiffs, both parties, or their predecessors in title, had made erections inconsistent with the continued existence of the easement, and the case turned largely upon the protection of a purchaser in good faith while the easement was obstructed. See Pope v. O'Hara, 48 N. Y. 446, 455.

[2] But, if I am wrong in this, I think plaintiffs are estopped from asserting that Root & Marshall abandoned the easement. The wall was built by Root & Marshall in 1870. Eight years afterward, William H. Farnham, who owned plaintiffs' store at the time the wall was built, conveyed it to Margaret A. Sansbury, plaintiff's testator, by deed expressly subject to this easement, and plaintiffs have derived their title under the will of Margaret A. Sansbury. Thus Farnham and Margaret A. Sansbury, plaintiffs' predecessors in title, are conclusively estopped from claiming that the easement had been abandoned or that the erection of this wall had worked any such result. Dyer v. Sanford, 9 Metc. (Mass.) 395, 43 Am. Dec. 399, 2 Am. Law Reg. (N. S.) 513–522.

[3] This estoppel is not less complete if it be considered that when Root & Marshall closed the hallway by the wall they prevented Farnham from enjoying the use of his supposed easement in the hallways in their building described in Aldrich's deed to Farnham as "the right of using as a footway the halls or passages to east side of block in second and third stories from his east bounds in common with parties of the first part, their heirs and assigns." If it be assumed that the grant of this easement took effect notwithstanding that the deed of the servient tenement to Anderson on the same day made no reservation of such an easement, and if a right to a "footway" through a hallway can be considered in law an easement, where the hallway affords no means of reaching other property or a public street, the supposed right not being for light or air or access to other property, but simply a right to walk back and forth in this hallway, still the right, whatever it was, though of no conceivable value to his property, was not lost to Farnham in 1878 when he made his deed to plaintiffs' testator and expressly reserved the easements in his property which plaintiffs now claim had been abandoned. There had been no adverse possession for 20 years and Farnham, or his grantee, could have com-

pelled Root & Marshall to open the hallways at any time, and they are now open, and defendant concedes plaintiffs' right to use them according to the grant from Aldrich to Farnham.

It follows that plaintiffs' complaint must be dismissed, with costs.